## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANIXA SANTIAGO RIVERA and MANUEL GARCIA CASTRO, for themselves and on behalf of their daughter R.G.S.<br><br>Plaintiffs<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; YANIRA RAÍCES VEGA IN HER OFFICIAL CAPACITY AS SECRETARY OF EDUCATION; LINO ELIAS OCAÑA IN HIS OFFICIAL CAPACITY AS TEACHER FACILITATOR OF THE SPECIAL EDUCATION SERVICES CENTER<br><br>Defendants | CIVIL ACTION: |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

1. This is a civil action by plaintiffs Anixa Santiago Rivera and Manuel Garcia Castro, parents of the minor R.G.S (initials are used to protect the minor's identity) due to the negligent and irresponsible actions of the Puerto Rico Department of Education and its personal, which failed to timely provide the necessary services required by the minor R.G.S. who is hearing impaired, thus generating a discriminatory situation that caused damages to the plaintiffs. The foregoing, under the American with Disabilities Act, 42 U.S.C. §12131 et seq, Section 504 of the Rehabilitation

Act, 29 U.S.C. § 794, 29 U.S.C. § 794, 42 U.S.C. § 1983 and Article 1536 of the Puerto Rico Civil Code.

## I.   PARTIES

2.   Plaintiff seeks injunctive and declaratory relief, compensatory damages, attorney fees and costs, pursuant to the American with Disabilities Act, 42 U.S.C. §12131 et seq, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Article 1536 of the Puerto Rico Civil Code against the following defendant:

a. The Puerto Rico Education Department, a public entity of the Commonwealth of Puerto Rico, represented by the Commonwealth of Puerto Rico, which is the public entity of maximum educational authority of the Commonwealth of Puerto Rico and in charge of the administration of the resources appropriated for it.

b. Yanira Raíces Vega in her official capacity as Secretary of Education. This individual, acting under color of state law, had direct participation in the actions and omissions subject of the present Complaint.

c. Lino Elías Ocaña, teacher facilitator of the Special Education Services Center (CSEE) in Morovis. This individual, acting under color of state law, had direct participation in the actions and omissions subject of the present Complaint.

## II.   JURISDICTION

3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 for IDEA claims.

4.   Plaintiff's claims are authorized by 28 U.S.C. §§ 2201, 2202 and Article 1536 of the Puerto Rico Civil Code.

## III.   VENUE

5.   All actions complained of herein take place within the jurisdiction of the United States District Court for the District of Puerto Rico, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   FACTS

6.   Anixa Santiago Rivera and Manuel Garcia Castro are the parents of the child, referred to as R.G.S., who is a person with a disability as defined in IDEA 1990 § 1401(3)(A) due to her hearing impairment (deafness).  This impairment also qualifies as a "disability" under the ADA, as outlined in 42 U.S.C. § 12102(1)(A).

7.   R.G.S. utilizes American Sign Language (ASL) for communication and relies on lip-reading to comprehend spoken language. Furthermore, she requires the assistance of a sign language interpreter for support. On January 24, 2017, R.G.S. underwent a Speech and Language evaluation, followed by an audiological evaluation on June 14, 2019.

8.   The medical conditions of R.G.S. have required medical evaluators to recommend specific reasonable acommodations to ensure the smooth

progress of her educational and personal development. On February 18, 2017, the Communicological Evaluation Report recommended an immediate referral to an audiologist for a hearing aid fitting. Similarly, based on the evaluation conducted on January 24, 2017, a prescription for amplification hearing aids was issued on February 1, 2017, due to the identification of moderately severe to severe sensory hearing loss. On April 30, 2019, the "Clínica de Terapia Tornasol" issued multiple recommendations affirming the requirement of various reasonable accommodations for R.G.S.'s optimal educational experience, which includes the utilization of an FM system.

9.   As a result of this situation, the plaintiffs diligently carried out all the necessary procedures to ensure that their daughter, due to her disability, could access the benefits offered to her. Consequently, they advanced the corresponding procedures before the Department of Education and the Associate Secretary of Special Education. As a result, R.G.S. is eligible for special education services and is currently enrolled in an Individualized Education Program. Moreover, the minutes of the Programming and Placement Committee meetings have identified deficiencies in the usage of FM devices experienced by the minor. Consequently, these meetings have acknowledged the necessity for addressing the inadequate use of FM devices and the need for a change in this regard.

10.  <u>Whereas a student with special needs must be eligible for Special Education Program services and be educationally impacted by an Individualized Education Program (IEP) to receive Assistive Technology services, it is crucial for the Programming and Placement Committee to discuss and clarify the need for such services for the student with a disability. In that sense, the plaintiffs have requested on multiple occasions to officials of the Department of Education the change of the FM device, as it is no longer functional and does not allow the minor to understand her classes naturally.</u>

11.  On November 14, 2022, the plaintiffs communicated to the Department of education for the first time, in this communication they highlighted that the minor's hearing aids were outdated as per medical recommendations, and their functionality was extremely precarious, posing significant challenges for the minor to comprehend her classes. Despite the plaintiffs' persistence in subsequent communications on November 30, 2022, and December 9, 2022, they did not receive any response from the department.

12.  Subsequently, on March 7, 2023, the plaintiffs reached out again, reiterating their concerns for their daughter's well-being. They emphasized that they had previously expressed their concerns on February 16, 2023, but had not received any response. However, in response to their latest communication, on March 7, 2023, the official Linio Elias Ocaña merely stated that the status of the FM equipment was under verification.

13.   On March 15, 2023, the plaintiffs made another attempt to communicate, emphasizing the significant discomfort experienced by their daughter due to the absence of the FM device, they once again received no response. At this point, the plaintiffs, as the parents of the minor, regarded this situation as highly distressing. They felt frustrated as they were unable to find a satisfactory resolution through the individuals who are supposed to be responsible for ensuring the provision of these devices as mandated by law. As a result, on March 30, 2023, the plaintiffs found it necessary to reach out once more in an urgent manner. Furthermore, they persisted in their efforts by urgently insisting on April 11, 2023.

14.   Due to the lack of response and diligence on the part of the officials in charge, more than four months have passed since the plaintiff's initial request, and only one hearing aid has been provided for the child's academic development.

15.   Finally, an appointment was scheduled for April 27, 2023, to determine the suitability of the device and to provide it to the minor, R.G.S., if necessary. However, this development brought further concern and distress to the plaintiffs, Anixa Santiago and Manuel Garcia because sign interpreters were not available on weekends, but they did not want to miss the opportunity for their daughter to receive a proper evaluation. Consequently, plaintiff Anixa Santiago had to personally arrange and coordinate an appointment with an interpreter for Monday, May 22, 2023.

The defendant's constant reluctance to respond to Plaintiff's multiple requests and their lack of planning when it comes to accommodating individuals with hearing impairments clearly demonstrates the negligence in their actions.

16. The minor underwent an evaluation by an audiologist on May 22, 2023. The doctor assured that the results would be sent to the Department of Education, with copies provided to the plaintiffs, approximately one week after the appointment (around May 29).

17. On June 28, 2023, Plaintiffs communicated with Defendant Department of Education (DE) regarding the inappropriateness and discomfort of the auditory equipment previously supplied for the minor, The minor. Despite clear medical recommendations specifying the need for specific types of equipment, the Defendant provided devices that were unsuitable, causing significant discomfort to the minor. Plaintiffs' notification was met with inaction, forcing her to incur additional expenses to seek alternative solutions independently.

18. By July 20, 2023, Plaintiffs had not received any updates or responses regarding the status of the appropriate auditory equipment initially requested. In her follow-up with DE, Plaintiffs were informed by Defendant Mr. Ocaña, that the issue had been escalated to a central level but no further details or timelines were provided, leaving the minor without the necessary equipment as the new school year approached.

19.    In an act of desperation and in an attempt to secure the necessary accommodations for R.S.Gbefore the start of the academic year, on July 28, 2023, Plaintiffs reached out multiple times to various departments within DE, encountering a series of bureaucratic obstructions and non-responses.

20.    On August 18, 2023, after repeated unsuccessful attempts to resolve the issues through standard channels, Plaintiffss personally visited DE's offices, advocating for the minor's rights to appropriate educational accommodations. Despite these efforts, Plaintiffss faced continued indifference and inefficiency from DE, culminating in a profound negative impact on the minor's educational experience and emotional well-being.

21.    The cumulative effect of Defendant's actions and inactions, particularly highlighted by events on September 1, 2023, R.SG received failing grades due to the absence of necessary auditory equipment. This failure not only significantly hindered her academic performance but also exacerbated her emotional distress. Such continuous neglect demonstrates a profound indifference to her educational needs and well-being. The consistent inability to provide essential accommodations has not only impacted the minor's academic success but has also significantly contributed to her emotional and psychological stress.

22.    The ongoing issues were publicly highlighted on September 18, 2023, by a news report detailing the minor's nearly year-long wait for adequate auditory equipment. This report exposed the Defendant's persistent

neglect and lack of urgency in addressing the educational needs of special education students, particularly those requiring specific auditory accommodations.[1]

23. The severity of the Defendant's mismanagement was further evidenced during an appointment on September 19, 2023, with the audiologist. It was discovered that the necessary auditory equipment, including FM systems and molds for hearing aids, which Mr. Ocaña had previously claimed were ready for delivery, were not available. Plaintiffs were informed that the equipment would require an additional 30 days to be dispatched, contradicting the earlier assurances given by the Defendant's representative.

24. R.S.G finally received the hearing aids and FM systems on October 10, 2023. The substantial delay in receiving this equipment had a detrimental impact on the minor's ability to effectively participate in her educational environment, exacerbating her academic challenges and contributing to emotional distress.

25. By November 3, 2023, the detrimental impact of the delays and inadequate accommodations provided by the Defendant became increasingly evident. The minor faced significant difficulties in her Social Studies class, directly attributable to the delayed provision and initial

---

[1] The report is available in the following link:
https://web.archive.org/web/20230918215942/https://wapa.tv/noticias/locales/estudiante-sorda-lleva-casi-un-a-o-esperando-por-aud-fonos-para-escuchar-sus-clases/article_fc928718-5662-11ee-8abb-2f4180ee40c9.html?mibextid=Zxz2cZ

absence of the FM systems. Despite the equipment's eventual arrival, issues persisted with its use in the classroom environment, as teachers were reportedly reluctant to take responsibility for managing the equipment, further compromising The minor's access to effective education.

26. These issues were particularly highlighted in meetings and communications throughout December 2023, where Plaintiffs expressed frustration and despair over the persistent educational barriers faced by R.S.G. These included inadequate responses from teachers regarding the use of the FM system, a crucial tool for the minor's auditory access, and ongoing academic struggles directly linked to the Defendant's failures.

27. As the delays extended into late 2023, Plaintiffs' frustrations were exacerbated during several interactions with DE's representatives and educational staff who displayed a lack of urgency and accountability. On November 3, 2023, during a crucial period in R.S.G's academic calendar, it became evident that the long-awaited FM systems and hearing aids were not being effectively integrated into her classroom settings, resulting in significant academic and communicative setbacks.

28. By February 2, 2024, the impact of these failures had become distressingly apparent. The minor exhibited signs of severe frustration and academic decline, directly correlating with the periods she was without functional auditory equipment and adequate support in school. This decline was documented in various assessments and communications with

educational staff, who repeatedly failed to accommodate her needs adequately.

29. On March 3, 2024, Plaintiffs was compelled to intervene directly with the school's administration following several incidents where The minor was left without necessary auditory support during critical evaluations, leading to further academic penalties and emotional distress for The minor.

30. The repeated failures and the evident lack of structured response from the Defendant prompted Plaintiffs to seek further legal redress. These ongoing issues were compounded by direct misrepresentations from DE's representatives, who had assured the family on multiple occasions that the issues were being addressed promptly, only for those assurances to prove unfounded.

31. The culmination of these prolonged and repeated failures was discussed in a detailed session on April 10, 2024, involving DE officials and education advocates. This meeting underscored the systemic issues within the Defendant's operations that had led to the violations of The minor's educational rights as mandated by federal and state laws.

32. The prolonged absence of this device which is essential for the minor's communication has resulted in profound anxiety and concern for her. Her academic performance has significantly declined as a result of her inability to attend classes like any other child her age. As a consequence, she has fallen behind in her coursework and even failed subjects due to

her inability to hear the teachers effectively. The high noise level in her classroom, consisting of approximately 30 other children, further compounds her hearing difficulties. This issue has persisted for two academic semesters, during which time R.G.S. has been unable to perform at her full potential.

33. In addition, the plaintiffs, Mrs. Anixa Santiago and Manuel Garcia, have been compelled to incur expenses for external tutoring to ensure that the minor, R.G.S., can keep pace with her classmates. They have had to pay $280 per month for a minimum of one year, resulting in a financial burden of no less than $3,000. This financial obligation could have been avoided if the defendant had provided the FM device in a timely manner.

34. However, education in the classroom is fundamental for the integral development of a child. Having the proper hearing equipment would allow R.G.S. to make the most of her educational experience, both in academic and social and emotional development, terms. The FM device would allow the child to interact with her peers and teachers more effectively. Thus, fostering better social and emotional development, as well as promoting her autonomy and self-esteem when interacting with children her age. Nevertheless, in the absence of this device, it has not been possible to meet the expectations of social and academic development that the school seeks to provide, affecting the self-esteem and social autonomy of the minor R.G.S.

35.     For the parents of the minor, plaintiffs Anixa Santiago and Manuel Garcia, this situation has been emotionally unbearable. They have felt anguish, helplessness, and sadness due to their inability to do anything other than to insist for their daughter to receive the necessary FM device. Waiting for months for their daughter to receive something as basic as a device for listening has been difficult. Moreover, the months-long wait has not been without incident, as they have had to constantly insist without any response. This has made them even more concerned about the status of the procedure to obtain the FM device.

## V. CAUSE OF ACTION

<u>Violations of Title II of the Americans with Disabilities Act</u>

36.     Plaintiff incorporates the previous paragraphs.

37.     At all times relevant to this action, Title II of the ADA, 42 U.S.C. § 12131 et seq., has been in full force and effect and has applied to Defendant conduct.

38.     At all times relevant to this action, the Plaintiff R.G.S. has been substantially limited in the major life activities such as communication skills, and has been an individual with a disability within the meaning of the ADA

39.     Defendant is a public entity as defined under Title II of the ADA, 42 U.S.C. § 12131(1).

40.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be

denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

41. Federal Regulations implementing Title II of the ADA state that a public entity may not "(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; [or] (iii) provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 C.F.R. § 35.130(b)(1).

42. Defendant discriminated against the minor R.G.S. based on his disability by arbitrarily, unfairly and for no apparent reason excluding him from participation in its services and denying him the benefits thereof, and by subjecting him to discrimination, in violation of the ADA.

43. As set forth above, in the absence of injunctive relief there is a clear risk that Defendant's actions will be repeated with Plaintiff in an arbitrary manner, and she will continue to be denied access to government benefits.

44. Defendant has intentionally discriminated against minor R.G.S. by unreasonably denying, ignoring, and lengthening the waiting time to receive a new FM device. As a direct and proximate result of the

14

defendant's unlawful discrimination, the plaintiffs have suffered injuries and damages, including pain, suffering and mental anguish, due to the school failures and communication limitations suffered by the minor R.G.S. at a crucial stage for her academic and personal development.

45.   Plaintiffs are therefore entitled to compensatory damages for the injuries and loss sustained as a result of Defendant discriminatory conduct as hereinbefore alleged, as well as an award of attorney's fees, costs, and disbursements, pursuant to the ADA, 42 U.S.C. § 12133

<u>Violations of Section 504 of the Rehabilitation Act</u>

46.   Plaintiffs repeat and reallege all preceding paragraphs in support of this claim.

47.    At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, has been in full force and effect and has applied to the Defendant conduct.

48.   At all times relevant to this action, the minor R.G.S. have had a substantial limitation to the major life activities and has been an individual with a disability within the meaning of the Rehabilitation Act.

49.   At all times relevant to this action, Defendant have been a program or activity receiving federal financial assistance and are therefore subject to the Rehabilitation Act.

50.   Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits

of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

51.   Defendant subjected the minor R.G.S. to discrimination based on his disability, in violation of 29 U.S.C. § 794.

52.   Plaintiffs are therefore entitled to seek and recover compensatory damages for the injuries and loss they sustained as a result of Defendant discriminatory conduct and deliberate indifference, as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

53.   Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a).

<u>Section 1983</u>

54.   Plaintiffs incorporates by reference all previous paragraphs of this Complaint as though fully set forth herein.

55.   Plaintiffs have a series of concerns and accusations regarding the performance of b. Yanira Raíces Vega in her official capacity as Secretary of Education. Mrs. Raíces has failed to fulfill his responsibilities in ensuring the correct implementation of Public Law 108-446, also known as the "Individuals with Disabilities Education Improvement Act" of December 3, 2004, as amended (IDEIA). Specifically, the Plaintiffs assert that Mrs. Raices has not efficiently provided a necessary hearing aid to the minor child R.G.S., thereby hindering the child's ability to have a satisfactory educational experience.

56.     The DEPR, under the leadership of Mrs. Raices, has neglected its duty to comply with IDEIA, which guarantees equal educational opportunities for individuals with disabilities. By failing to provide the necessary hearing aid in a timely and efficient manner, the Defendants have not only impeded the minor child's ability to fully participate in the educational process, but also disregarded their legal obligation to ensure a satisfactory educational experience for all students, including those with disabilities. In view of the above, we seek to impose liability under section 1983.

57.     Defendants, acting under color of state law, have deprived and continue to deprive the Plaintiffs' child of her rights under IDEA by failing to maintain the hearing aid and timely provide a new FM device to the minor child R.G.S., as clearly demonstrated by numerous complaints, inadequate responses, and ongoing denial of necessary services. Such actions on the part of the Defendants constitute a violation of the Plaintiffs' rights, including their civil rights under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment guarantees all citizens equal protection under the laws and due process of law. Additionally, this failure also contravenes the provisions of the Individuals with Disabilities Education Act (IDEA), which mandates that a free and appropriate public education, including necessary accommodations, be made available to all children with disabilities.

58. Defendants, acting under color of state law, have deprived and continue to deprive the Plaintiffs' child of her rights by denying her the opportunity to participate fully and meaningfully in the educational services and activities provided by the Department of Education of Puerto Rico.

59. This cause of action is brought pursuant to 42 U.S.C. § 1983, which provides a remedy for persons deprived of their rights, privileges, and immunities secured by the Constitution and laws of the United States. The plaintiffs are entitled to relief under this statute as they have been and continue to be deprived of rights, privileges, and immunities secured to them by the Fourteenth Amendment to the United States Constitution and by federal law, specifically the IDEA.

60. Plaintiffs allege that defendants have violated and continue to violate their civil rights by failing to failing to maintain the hearing aid and timely provide a new FM device to the minor child R.G.S. Such conduct on the part of defendants constitutes a violation of plaintiffs' civil rights under the Fourteenth Amendment to the United States Constitution, which guarantees all citizens equal protection under the laws and due process of law, and under the IDEA, which mandates that a free and appropriate public education in the least restrictive environment must be made available to all children with disabilities.

61. Defendants, under color of state law, have acted to deprive plaintiffs of their rights under the Fourteenth Amendment to the United States Constitution and under the IDEA. Defendants' actions have been intentional, willful, wanton, and in reckless disregard of plaintiffs' rights.

62. The violations by the defendants of the Fourteenth Amendment to the United States Constitution and the IDEA have caused plaintiffs to suffer actual damages, including but not limited to: a denial of appropriate educational services and opportunities for the minor child R.G.S, severe emotional distress, and financial damages.

<u>Failure to avoid damage due to negligence.</u>

63. Article 1536 of the Civil Code of Puerto Rico establishes liability for fault or negligence as follows: "The person who by fault or negligence causes damage to another, is obligated to repair it." In addition, the requirements of 1) an act or omission due to the fault or negligence of the defendant, 2) that the plaintiff has suffered damage, and 3) that the damage alleged by the plaintiff has been caused by the defendant's negligent or culpable act or omission must be met.

64. The plaintiffs allege that the damage is justified, since the plaintiffs allege a lack of negligence, as there was a totally excessive amount of time to even get an evaluation appointment for the minor to adjudicate the change of the FM device. Also, the plaintiff alleges that the minor R.G.S. has suffered damages due to the negligent actions of the defendants. The

child is at a crucial learning age for her development. The lack of this device, which allows such a necessary sense in a classroom as hearing, has generated irreparable damage in the process of academic growth of the minor. In this respect, it is considered important to consider <u>Blackman v. Dist. of Columbia, 185 F.R.D. 4 (D.D.C.1999)</u> (finding irreparable harm in that case because "at the rate at which a child develops and changes, especially one at the onset of biological adolescence ..., a few months can make a world of difference" in harm to a child's educational development) Likewise, the First Circuit in <u>Nieves-Marquez v. Puerto Rico, 353 F. 3d 108 - Court of Appeals, 1st Circuit 2003</u>, where it refers to the impossibility for a hearing impaired child to avoid the "fruitless and silent" time in the absence of help from the responsible entities, which will inevitably affect its performance.

65.  Likewise, the minor's parents, plaintiffs Anixa Santiago and Manuel Garcia, have suffered from mental anguish and considerable concern for their daughter's situation. They have a justifiable fear that their daughter will not be able to learn and attend classes at the same level as the other children. In addition, economic harm has also been present, as the tutoring fees that have been paid represent considerable money for the plaintiffs.

66.  Plaintiff seeks all relief available (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

## JURY TRIAL DEMANDED

67.    Plaintiffs request jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A. Declare that Defendants have violated the Plaintiffs' rights under the IDEA, ADA, Section 504 of the Rehabilitation Act, and Section 1983 of the Civil Rights Act.

B. Award compensatory, nominal, dignitary, and consequential damages to Plaintiffs for the harm caused by Defendants' violations of their statutory duties.

C. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that all Defendant have subjected Plaintiffs to unlawful discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

D. Issuance of permanent injunction requiring Defendant to undertake remedial measures to mitigate the effects of Defendant's past and ongoing violations of Title II of the ADA and Section 504 of the Rehabilitation Act, and the regulations promulgated under those statutes.

E. Compensatory damages pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 1988, Section 504 of the Rehabilitation Act, Article 1536 of the Puerto Rico Civil Code, and Bonilla v. Chardón, 118

D.P.R. 599, (1987) for the emotional harm caused to the minor R.G.S. in her educational process, and the mental anguish and worries that parents Anixa Santiago Rivera and Manuel Garcia Castro have had to suffer.

F. Nominal damages because Defendant subjected Plaintiffs to unlawful discrimination in violation of Title II of the Americans with Disabilities Act, Section 1988 of 42 U.S.C. § 1988, and Section 504 of the Rehabilitation Act.

G. Payment of reasonable costs, litigation expenses, and attorneys' fees, pursuant to 20 USC § 1415(i)(3)(B).

H. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: April 23, 2024

VELEZ LAW GROUP LLC
Civil Rights Division


s/José Carlos Vélez Colón
José Carlos Vélez Colón
USDC-PR 231014

421     Ave     Muñoz     Rivera
San Juan, PR 00918

E:   vlg@velezlawgroup.com
T:   (787)-422-1881


PLAINTIFF'S ATTORNEY